UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER REBOLLO, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1245 JCH |
| | ) | |
| ALLIANCEONE RECEIVABLES | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed on November 11, 2012.  (ECF No. 11).  Plaintiff seeks summary judgment in her favor on her "overshadowing" and "refusal to validate" claims under § 1692g of the Fair Debt Collection Practices Act ("FDCPA") with respect to liability and statutory damages only.

By way of background, Plaintiff incurred a debt for home cable television service that gave rise to Defendant's collection activities.  (Plaintiff's Statement of Uncontroverted Facts in Conjunction with Her Motion for Summary Judgment, ECF No. 11-1, ¶ 5).  Defendant sent Plaintiff a dunning letter dated May 14, 2012, which Plaintiff received on or about May 18, 2012.  (Id., ¶ 6).  Plaintiff called Defendant about the debt on May 18, 2012.  (Id., ¶ 7).  Plaintiff then brought this action against Defendant on May 22, 2012, in the Circuit Court of St. Louis County, State of Missouri.  (Notice of Removal, ECF No. 1, ¶ 4).  Defendant removed this action on July 11, 2012, on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a) and 15 U.S.C. § 1692, et seq.  Plaintiff's Complaint contains a single count for "violations" of the FDCPA.

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

As to Plaintiff's overshadowing claim, the Court finds Plaintiff has not shown that she is entitled to judgment as a matter of law.  Section 1692g of the FDCPA provides that a debt collector must send a consumer a written statement explaining that if the consumer notifies the debt collector in writing within a thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt and will mail a copy of such verification to the consumer.  "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).  Defendant's dunning letter contained the requisite statement.  Plaintiff has not shown that Defendant's subsequent activity overshadowed her right to dispute the debt or request the name and address of the original creditor under § 1692g(b).

As to Plaintiff's refusal to validate claim, the Court finds Plaintiff's claim is not cognizable under the FDCPA.  A *validation* notice is the portion of a collection letter containing the information required by § 1692g(a).  See Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 88 (2d Cir. 2008). Section 1692g(a)(4) permits a debtor to request a *verification* of the debt discussed in the validation notice.  Thus, the FDCPA does not recognize a claim for "refusal to validate."

The Court will therefore deny Plaintiff's Motion for Summary Judgment without prejudice at this time.


Dated this 3rd  day of June, 2013.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

- 2 -